UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. MJ-03-M-908-MBB

UNITED STATES

v.

IVAN RODRIGUEZ

AND

NESTOR RODRIGUEZ

**MEMORANDUM AND ORDER
ON PROBABLE CAUSE AND DETENTION**

January 12, 2004

ALEXANDER, M.J.

The defendants, Ivan Rodriguez and Nestor Rodriguez, appeared before this Court on December 22, 2003 for a detention hearing pursuant to a complaint charging them with violation of 21 U.S.C. § 846 (knowingly and intentionally conspiring to distribute heroin and distribution of heroin). At that time, the government was represented by Assistant United States Attorney Peter K. Levitt; Mr. Ivan Rodriguez was represented by Attorney Mevin Norris and Mr. Nestor Rodriguez was represented by Federal Defender Syrie D. Fried. After the hearing, the defendants consented to detention without prejudice but pursued the issue of probable cause. In that the defendants consented to detention without prejudice, the Court ORDERED the defendants, Ivan Rodriguez and Nestor Rodriguez, DETAINED and remanded them to the custody of the U.S. Marshals

Service. For the reasons set forth below, the Court now FINDS PROBABLE CAUSE to believe that the defendants committed the offense with which they are charged.

In support of a finding of probable cause, the government offered the affidavit of Special Agent Michael Burke of the U.S. Drug Enforcement Administration ("DEA"). The government also presented the testimony of Dean Fredericks, a detective of the New Bedford (Massachusetts) Police Department assigned to the DEA Task Force in southeastern Massachusetts. In his capacity as a member of the task force, Detective Fredericks was part of the team that investigated the allegations set forth in the complaint and participated in the surveillance of the defendants. The testimony of Detective Fredericks and affidavit of Special Agent Burke include the following averments.

Since on or about June 2003, authorities investigated the defendants and others following information provided by a confidential source ("CS") regarding trafficking in heroin by the defendants, from whom the CS had purchased heroin for several years. According to the CS, the CS would typically telephone Ivan Rodriguez and place an order for heroin; either Ivan Rodriguez or Nestor Rodriguez would then direct the CS to a meeting place with a time to meet. It is alleged that the meetings for the transactions usually took place in the parking lots of various convenience stores in the Taunton, Massachusetts area.

The government avers that between June 6, 2003 and August 26, 2003, DEA agents and the CS made a total of five purchases of heroin from Ivan Rodriguez and

2

Nestor Rodriguez. Although many of the sales were handled by one or the other of the defendants, on at least one occasion, June 15, 2003, the defendants arrived together (in the same vehicle) at the meeting place designated for the transaction by Ivan Rodriguez and which ultimately was effectuated by Nestor Rodriguez. The purchases were surveilled by law enforcement and some of the purchases were recorded. Each of the purchases yielded a substance that was certified as heroin by a regional DEA laboratory.

Detective Fredericks further testified that in a search incident to the arrest of Ivan Rodriguez, authorities found him to possess two "browns," described as two bundles, each containing fifty smaller packages of heroin that were consistent with the amount of heroin purchased by users of the substance. In a search of Mr. Ivan Rodriguez's apartment, law enforcement agents found two more "browns" containing heroin, approximately one-half ounce of "loose" heroin in a plastic bag, and $700 in cash in a bureau drawer in an upstairs bedroom of the residence.

Following cross-examination by defense counsel, counsel suggested that while there was some evidence of distribution of heroin by each defendant there was insufficient evidence to establish probable cause that Ivan Rodriguez and Nestor Rodriguez entered a conspiracy to distribute heroin.

Although the weight of evidence offered by the government to establish the alleged conspiracy is not crushing, the Court FINDS that the testimony of Detective Fredericks and the affidavit of Special Agent Burke are sufficient to establish

PROBABLE CAUSE to believe that the defendants, IVAN RODRIGUEZ and NESTOR RODRIGUEZ, knowingly and intentionally conspired to distribute and did distribute heroin in violation of 21 U.S.C. § 846 as alleged in the complaint. As noted previously, the defendants consented without prejudice to detention at the hearing and were ORDERED DETAINED pending trial. Pursuant to 18 U.S.C. §3142 (i) it is FURTHER ORDERED that:

1. The Defendants be, and hereby are, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendants be afforded reasonable opportunity for private consultation with their counselors; and

3. On Order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendants are confined shall deliver the Defendants to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by the Defendants' filing of a motion for revocation or amendment of the Order pursuant to 18 U.S.C. § 3145 (b).

SO ORDERED.

United States Magistrate Judge