UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
            v.           )      Criminal No. 04-10063-RCL
                         )
IVAN RODRIGUEZ,          )
      Defendant          )

### SENTENCING MEMORANDUM OF THE UNITED STATES

On March 22, 2005, the defendant pled guilty to four counts of the Indictment in this case, charging him with conspiracy to distribute heroin (Count 1), four counts of distributing heroin (Counts 2, 4-6), and one count of possession with intent to distribute heroin (Count 7).  This memorandum is submitted to aid the Court in sentencing the defendant.

The Presentence Report ("PSR") prepared by the United States Probation Office, dated October 26, 2005, correctly sets forth the sentencing guideline range as 188 to 235 months, based on a Total Offense Level of 31 and a Criminal History Category of VI. On December 10, 2004, this Court sentenced Nestor Rodriguez, the defendant's co-defendant and brother, who also was a career offender with a sentencing guideline range of 188-235 months, to 188 months in prison.  On September 1, 2005, after the government agreed to a remand in light of United States v. Booker, 125 S.Ct. 738 (2005), this Court again sentenced Nestor Rodriguez to 188 months in prison.

For sentencing purposes, Ivan Rodriguez's case is indistinguishable from that of Nestor Rodriguez.  Most

significantly, for it drives the sentences in both cases, both
are career offenders with, as described below, extremely lengthy
criminal records involving crimes of violence and drug
trafficking offenses.  Both pled guilty to the same conduct and
both claim a long history of heroin use.  The government
recommends that the Court sentence the defendant to the same
sentence that Nestor Rodriguez received -- a term of
incarceration of 188 months, representing the low end of the
guideline range.

A.    **THE DEFENDANT'S CRIMINAL HISTORY**

The defendant has 79 entries on his Massachusetts Board of
Probation criminal history record.  According to the PSR, the
defendant has at least three career offender predicates,
including convictions for assault & battery on a police officer
(for which he served 18 months in prison); conspiracy to
distribute cocaine (for which he served 5 years in prison); and
possession with intent to distribute heroin (for which he served
4 years in prison).  PSR ¶¶ 49-50, 54.  The government notes a
fourth career offender predicate, a 1995 conviction for
possession with intent to distribute heroin.  PSR ¶ 55.  The
defendant also has additional convictions for breaking and
entering, robbery, larceny, receiving stolen property, unlawfully
carrying a rifle or shotgun, and assault & battery on a police
officer.  PSR ¶¶ 43-55.  His convictions and other arrests show a

2

steady and consistent pattern from 1979 to the present.  Id.  The

defendant is the very definition of a career offender.

      **B.**    **THE CAREER OFFENDER PROVISION OF THE GUIDELINES**

The defendant will presumably argue that the Court should

not sentence him as a "career offender" in light of the

determination in Booker that the United States Sentencing

Guideline's are only advisory.  The career offender provision of

the Guidelines, however, is unique and should be accorded

particularly heavy weight by sentencing courts.  The Sentencing

Commission promulgated the career offender provision pursuant to

a clear and specific Congressional policy declaration which was

embodied in statute.  In 28 U.S.C. § 994, entitled "Duties of the

Commission", Congress directed the Commission to create a

guidelines provision that would ensure that a certain, defined

category of repeat offenders (so called "career offenders") would

be sentenced to a term of imprisonment at or near the maximum

term authorized.

Section 994 directed the Commission as follows:

(h) The Commission shall assure that the guidelines
specify a sentence to a term of imprisonment at or near
the maximum term authorized for categories of
defendants in which the defendant is eighteen years old
or older and--

     (1) has been convicted of a felony that is--

          (A) a crime of violence; or

          (B) an offense described in section 401 of the
          Controlled Substances Act (21 U.S.C. 841),

> sections 1002(a), 1005, and 1009 of the Controlled
> Substances Import and Export Act (21 U.S.C.
> 952(a), 955, and 959), and the Maritime Drug Law
> Enforcement Act (46 U.S.C. App. 1901 et seq.); and
>
> (2) has previously been convicted of two or more prior
> felonies, each of which is--
>
> (A) a crime of violence; or
>
> (B) an offense described in section 401 of the
> Controlled Substances Act (21 U.S.C. 841),
> sections 1002(a), 1005, and 1009 of the Controlled
> Substances Import and Export Act (21 U.S.C.
> 952(a), 955, and 959), and the Maritime Drug Law
> Enforcement Act (46 U.S.C. App. 1901 et seq.).

28 U.S.C. § 994(h).

In light of this Congressional directive, the Sentencing

Commission promulgated the career offender provision of the

guidelines -- U.S.S.G. §4B1.1, which essentially mirrors 28

U.S.C. § 994(h).  There can be little doubt that the defendant is

precisely the type of offender that Congress and the Commission

had in mind when promulgating the career offender provisions of §

994(h) and § 4B1.1.  Accordingly, this Court should accord

particularly heavy weight to the guideline sentencing range in

this case (188 to 235 months) because it is based so clearly on

both the Congressional and Commission view that career offenders

should be sentenced to a term of imprisonment at or near the

maximum allowable.

For the same reasons that the career offender provision is

so applicable in this case, the factors listed in 18 U.S.C. §

3553 also support a sentence within the guideline range.  In

particular, a sentence of 188 months reflects the seriousness of the offense in this case (selling heroin); the history and characteristics of the defendant (his criminal record speaks for itself); promotes respect for the law (i.e., that at some point, when a defendant has amassed such a lengthy criminal history, it is necessary to remove the defendant from society for a lengthy period); and will provide deterrence and protect the public from further crimes of the defendant.

In short, this is a case where the collective wisdom of Congress and the Sentencing Commission in promulgating the career offender provision reaches the correct and just result, and there is no reason to deviate from that result. For the foregoing reasons, the government recommends that the Court sentence the defendant to a term of imprisonment of 188 months.

## CONCLUSION

For the foregoing reasons, and those set forth in the PSR.
the government recommends that the Court sentence the defendant
to a term of incarceration of 188 months, representing the low
end of the guideline sentencing range.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney,


                By:   s/ PETER K. LEVITT
                      PETER K. LEVITT
                      Assistant U.S. Attorney
                      One Courthouse Way
                      Boston, MA 02210
                      (617)748-3100

March 23, 2006

## CERTIFICATE OF SERVICE

I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served this day by mail on Samuel Sutter, counsel for Ivan Rodriguez.

s/ PETER K. LEVITT
Peter K. Levitt

March 23, 2006