```
 1            THE COURT:  The criminal history provisions of the
 2   guidelines were instituted by the Sentencing Commission at the
 3   specific mandate of Congress that career offenders be punished
 4   at or near the maximum level, statutory level for offenses.
 5            To achieve the career offender status there have to
 6   be three predicate drug or aggravated felonies -- what's the
 7   word, Greg?
 8            PROBATION OFFICER:  Your Honor, there has to be two
 9   felonies scored separate, either crime of violence or drug --
10            THE COURT:  Two predicate crimes of violence or
11   drug trafficking offenses, or drug offenses.  And there are
12   those two.  I am asked to depart from the guidelines to make
13   the imposition of the career offender provisions, but it seems
14   to me that what I have in front of me is a kind of paradigm in
15   the career offender.
16            Starting at age 18 and continuing to the age -- at
17   least age 43 there is an unbroken record of criminal activity,
18   largely unbroken.
19            To the extent there is a break in this, it's a
20   break because of incarceration.  Many of these convictions are
21   not scored, and some of them are in the strange category of not
22   being counted because the probation office couldn't find what
23   happened to them.  Now, if there is no record of the final
24   conviction, perhaps you can assume that there was no conviction
25   and this defendant should not be held responsible for them; but
```

```
 1    if I'm asked to decide that the criminal history is overstated,
 2    I think I can look at the unscored convictions and the other
 3    convictions and decide whether I see before me a person who,
 4    except for these predicate offenses, otherwise has a record
 5    that does not speak of a career offender.  And that's not what
 6    I see.  I see some assaults and batteries, I see some other
 7    drug offenses.
 8              In short, I don't see anything in this record that
 9    tells me, that informs me that the career offender provisions
10    are improperly applied to this defendant.
11              To be sure, one of these offenses occurred in 1987,
12    there's another offense in '92, and one in '95.  And this
13    offense occurred in 2003.  Is that right?
14              MR. SUTTER:  That's correct.
15              THE COURT:  2003.  So I can't say with any
16    assurance that there is anything to indicate an overstatement
17    or a likelihood of non-recidivism.
18              I don't find, for example, in this record training
19    to do work other than work that is illegal.  The last
20    employment listed in the presentence report is 1980s, somewhere
21    in the 1980s when the defendant worked at an Ames warehouse
22    distribution center.  And since then the only other support --
23    since '96 to 2003 his financial support has come in the form of
24    Social Security benefits, and during that period there is this
25    criminal activity.
```

PDF created with pdfFactory trial version www.pdffactory.com

1  So I am inclined for the reasons I have just stated
2  to accept as a criminal his appropriate criminal history
3  category six, and that the enhancement to the offense level
4  category -- offense level computation for career criminal
5  status is also appropriate, and I will sentence accordingly.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PDF created with pdfFactory trial version www.pdffactory.com