# United States Court of Appeals
## For the First Circuit

No. 06-2048

UNITED STATES OF AMERICA,

Appellee,

v.

IVAN RODRIGUEZ,

Defendant, Appellant.

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

JUDGMENT

Entered:  June 22, 2007

    Ivan Rodriguez appeals from his 188-month, bottom-of-guidelines sentence as unreasonably high.  As grounds for appeal, he argues that the district court failed to take appropriate account of his criminal history, which is somewhat less extensive than that of his brother and co-defendant, Nestor Rodriguez,[1] who received the same sentence, see United States v. [Nestor] Rodriguez, No. 05-2593, 198 F. App'x 25 (1st Cir. Sept. 19, 2006) (per curiam) (unpublished) (affirming that sentence as reasonable), and of his personal characteristics, which, he claims, make him less likely to recidivate.  After careful consideration of the parties' submissions and the underlying record, we grant the government's motion for summary disposition for the reasons discussed below.

    In deciding to impose the same sentence on Ivan that it had previously imposed on Nestor, the court was apparently persuaded by

---

[1]To distinguish between the two co-defendants, we will refer to them by their first names.

the government's reasonable argument that, although Ivan's history was somewhat shorter than Nestor's, both histories were substantial and both defendants had pled guilty to essentially the same offense conduct, a series of sales of heroin over the course of a six-month period in 2003.[2] The court also reasonably rejected the argument that Ivan's age and medical condition distinguished him from Nestor and made him less likely to recidivate when released. Ivan was already 43 years old when he committed the instant offenses, only three years older than Nestor, and, like Nestor, had committed crimes steadily since the age of 18 and for more than ten years after he was diagnosed with his current medical condition. Moreover, despite that condition, which appears to be controlled by medication, Ivan told the probation officer that he was in good health.

We see nothing implausible about the district court's explanation, express or implied, or unreasonable about the resulting 188-month sentence either in light of Ivan's own history and characteristics or in comparison to those of Nestor. See United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc) (stating the applicable standards of appellate review). Accordingly, we affirm. See 1st Cir. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk
Deputy Clerk
Date: 7/16/07

By: _____ MARGARET CARTER
         Chief Deputy Clerk.

[cc: Peter Levitt, AUSA, Dina Michael Chaitowitz, AUSA, Jennifer Zacks, AUSA, Raymond Rigat, Esq.]

---

[2] Indeed, if either defendant was more culpable, it was Ivan, who admittedly arranged the time, place, and price of each of the sales charged in the indictment.